CHARLES W. BURNEY, PROSECUTOR, v. CITY OF PATERSON, DEFENDANT.

Submitted May 15, 1925—Decided November 19, 1925.

Municipalities—Officers—Positions—Comfort Station Cleaner—Occupant, World War Veteran, Received $1,000, and Shoe-shining Privilege—Governing Body Found Cleaning Might Be Done For Shoe-shining Privilege Without Additional Salary, and by Resolution Abolished Position—Held, That Board Might, Acting in Good Faith, Abolish the Position on Ground of Economy, and That Good Faith Was Shown in This Instance.

On *certiorari,* &c.

---

---

Before Justices TRENCHARD, KATZENBACH and LLOYD.

For the prosecutor, *Albert Comstock.*

For the defendant, *Benjamin J. Spitz.*

PER CURIAM.

The board of public works of the city of Paterson has charge of the comfort station in the basement of the rear of the city hall. The prosecutor of this writ held the position of cleaner of the men's comfort station in the rear of the city hall. He also had the shoe-shine privilege. For his work in keeping the men's comfort station in a clean and sanitary condition between the hours of 9 A. M. each morning to 1 A. M. the following morning, he received $1,000, besides the shoe-shine concession. The board of public works ascertained that for the shoe-shine concession they could have the same work for which prosecutor was paid $1,000, done for nothing, the board having received written offers to that effect. And so, as the board claims, for the purpose of saving the city $1,000 a year, they abolished, by resolution, the position of cleaner of the men's comfort station. It is that resolution which this writ brings up for review.

The prosecutor is a world war veteran, and we have presented for determination two questions—first, can such a position, held by a war veteran, be abolished by a municipality, acting in good faith and for the purpose of economy, without notice and hearing to the occupant thereof, and secondly, if so, whether the board of public works of the city of Paterson, in abolishing the position formerly held by the prosecutor, acted in good faith for the purpose of economy.

We think both questions must be answered in the affirmative.

A municipality, acting in good faith, can abolish such a position for the purpose of economy without notice and hearing to the occupant thereof: It has, in effect, been so held in a case where statutes very similar to chapter 14 of the

laws of 1907, cited and relied upon by the prosecutor, were under consideration.

We think it also clear that the position in question was abolished in good faith for the purpose of economy, and not for any political reasons.

The prosecutor contends that because the comfort station at the city hall is still open, that, therefore, in spite of the language of the resolution abolishing the position, the position has not been abolished. But the prosecutor fails to distinguish between the men's *comfort station* and the position of *cleaner* of the men's comfort station. We think that the evidence shows clearly that the *position of cleaner* of the men's comfort station has been abolished, and that the position was abolished for the purpose of economy.

The resolution brought up for review will be affirmed, with costs.